PAUL ALAN LEVY
(pro hac vice to be sought)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, D.C. 20009
Telephone: (202) 588-7725
plevy@citizen.org

PHILLIP R. MALONE
California Bar No. 163969
JUELSGAARD INTELLECTUAL PROPERTY
  AND INNOVATION CLINIC
Mills Legal Clinic at Stanford Law School
Crown Quadrangle, 559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: (650) 724-1900
Facsimile: (650) 725-0253
pmalone@stanford.edu

Attorneys for Plaintiff Erik Anderson

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
#### San Francisco Division

| | | |
|---|---|---|
| ERIK ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.  19- |
| | ) | |
| v. | ) | **COMPLAINT FOR** |
| | ) | **DECLARATORY RELIEF** |
| STEVEN HIRSCH and MARK SELIGER, | ) | |
| | ) | |
| Defendants. | ) | |

**NATURE OF THE ACTION**

1.  This action for declaratory relief is brought against defendants Steven Hirsch and Mark Seliger. Both are photographers who have taken photographs of Hollywood personalities, among other subjects.

2.  Plaintiff Erik Anderson owns a web site at AwardsWatch.com, which carries his own original content, as well as material written by others, about films and award competitions. The site includes a forum in which members of the public discuss these subjects. The forum contains millions of posts, some of which are accompanied by images. Several hundred new posts appear daily.

3.  In 2016, 2017 and 2019, users of the AwardsWatch.com forum responded to ongoing discussions by posting comments that included deeplinks to photographs taken by defendants. Anderson was not aware of these postings, or of the fact that they included deeplinks, or of any allegations that there were infringing

Complaint for Declaratory Relief

posts on the forum, until he received complaints from defendants in 2019.  Although Anderson did not think he had done anything wrong, he promptly removed the posts in the hope of avoiding litigation.

4.  In April and May, 2019, counsel for defendants sent Anderson demand letters accusing him of copyright infringement, threatening to sue him for such infringement, and demanding that he pay thousands of dollars to avoid having such lawsuits filed.

5.  When Anderson did not pay any money, defendants' law firm sent repeated demands, by emails and telephone, threatening suit unless payment was made.

6.   Anderson now asks the Court for a judgment declaring that he is not liable for copyright infringement.

**PARTIES**

7.  Plaintiff Erik Anderson lives in Healdsburg, California.  He is the owner of the web site AwardsWatch.com.

8.  Defendant Steven Hirsch is a photographer who lives in New York City.

9.  Defendant Mark Seliger is a photographer who lives in New York City.

**JURISDICTION AND VENUE**

10.  A definite, substantial and concrete controversy exists within this Court's jurisdiction between the parties concerning plaintiff's and defendants' rights under the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq*.  Defendants, through counsel, have expressed an intention to commence litigation against plaintiff over plaintiff's alleged infringement of the copyrights.

11.  This action for a declaratory judgment arises under the Copyright Act and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

12.  This Court has personal jurisdiction over the defendants because their counsel sent on their behalf a series of demand letters, emails and telephone calls threatening plaintiff with personal liability for copyright infringement to plaintiff at his home in Healdsburg, California, because they used a California lawyer to send the demand letters and other communications to plaintiff, threatening to sue him for copyright infringement, and because they demanded that plaintiff enter into settlement agreements that contained a California forum-selection clause and California choice-of-law provision.

13.   Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the cause of action—namely, the receipt of defendants' demand letters and other threats of litigation, as well as what defendants contend to be infringing acts, the maintenance of a forum on which allegedly infringing deeplinks were posted—occurred in this district.

**FACTUAL BACKGROUND**

14.   In 2013, Plaintiff Erik Anderson created his web site, AwardsWatch, as an entertainment web site with movie, television, music and theater news, reviews and awards predictions.  Anderson received no revenue from the web site until 2018.  Although the site welcomes advertising, its expenses still exceed its revenues.

15.   Readers of the web site can post comments on individual articles, but the site also includes a forum as a community area to discuss these topics apart from the comments section of the main site.  The forum is located at https://awardswatch.com/forums/.  The discussion forum is organized into many separate threads, each of which contains multiple posts by users of the forum. At the close of August 2019, there were nearly 16,000 separate discussion threads on the forum, comprised of nearly two million individual posts, from more than 8000 users.  Between 500 and 700 posts are added daily.  There is no advertising on the forum, and it produces no revenue.

16. In 2016, a discussion began on the forum about a planned television series based on the novel American Gods.  A user of the forum posted a comment that included a hyperlink to a photograph of Gillian Anderson dressed as Lucy Ricardo, taken by defendant Mark Seliger, which appeared in a magazine.  The hyperlink was a deeplink to the photograph as it appeared on Pinterest.  A deeplink is a hyperlink to another web site, not affiliated with AwardsWatch or its forum, where defendants' photographs are displayed. The link allows viewers of the forum to see the photograph within the forum by "pulling" the image directly from the non-AwardsWatch server where it is hosted so that it is displayed to the viewers' personal devices. The embedded hyperlink, posted in 2016, allowed viewers of the discussion to see the photograph on their own personal devices, though the photograph was not hosted on the AwardsWatch forum web site itself.

17. In 2017, a separate discussion began on the forum about the HBO series Big Little Lies.  A user of the forum posted a comment that included a hyperlink to a photograph of some of the series' cast taken by defendant Mark Seliger.  The hyperlink was a deeplink to the photograph as it appeared on Imgur.  The

embedded hyperlink, posted in 2017, allowed viewers of the discussion to see the photograph on their own personal devices, though the photograph was not hosted on the AwardsWatch forum web site itself.

18.  In 2019, a separate discussion began about predictions for the Academy Award for Best Picture. A user of the forum posted a comment that included a hyperlink to a photograph taken by defendant Steven Hirsch.  The hyperlink was a deeplink to the photograph of Harvey Weinstein as it appeared on the web site The Wrap.  The embedded hyperlink allowed viewers of the discussion to see the photograph on their own personal devices, though the photograph was not hosted on the AwardsWatch forum web site itself.

19.  No copy of the defendants' photographs in question was ever posted or maintained on the server for AwardsWatch or AwardsWatch Forums.

20.  Plaintiff did not post any of these links, and he was unaware of the links on the forum posts until defendants' counsel wrote to him in April and May, 2019.

21.  Plaintiff did not encourage the placement of the hyperlinks to the Seliger and Hirsch photographs in the discussion threads, and he has derived no financial benefit from the hyperlinks or the postings in which they were included.

**DEFENDANTS' ACTS COMPRISING ACTUAL CONTROVERSY**

22.  Attorney Mathew Higbee sent a letter dated April 4, 2019, to Anderson at his home in Healdsburg, California, claiming that Anderson was infringing the copyrights of defendant Mark Seliger because deeplinks to photographs taken by Seliger had been identified in the forum discussions of Big Little Lies and American Gods on the AwardsWatch web site, and demanding payment of $17,000. The letter did not specify any license fee that defendant Seliger typically charges for the photographs or his other works. The letter is attached as Exhibit A.

23.  The letter demanded that Anderson contact Mr. Higbee's firm in California to negotiate an alternative settlement, and warned that unless Anderson "cooperat[ed]" by either paying the demanded amount or putting forward a counteroffer, "our only option is to litigate the matter, which we frequenlty [sic] do, so please do not make the mistake of ignoring this." The letter further warned that in the event of litigation, Seliger "will ask for the maximum justifiable damages," that "the demand amount will likely quadruple or more," and that Anderson "will likely also have to pay attorneys fees."

24.  Accompanying the April 4 letter was a draft settlement agreement that included a California

1  forum selection clause and a California choice-of-law provision.  This settlement agreement is attached as

2  Exhibit B.

3  25.  Attorney Mathew Higbee sent a letter dated May 1, 2019, to Anderson at his home in

4  Healdsburg, California, claiming that Anderson was infringing the copyright of defendant Steven Hirsch

5  because a deeplink to a photograph of Harvey Weinstein had been identified in the forum discussion about

6  possible Best Picture nominees, and demanding payment of $6,750. The letter did not specify any license

7  fee that defendant Hirsch typically charges for the photograph or his other works. This letter is attached as

8  Exhibit C.

9  26.  The May 1 letter demanded that Anderson contact Mr. Higbee's firm in California to negotiate

10  an alternative settlement, and warned that unless Anderson "cooperat[ed]" by either paying the demanded

11  amount or putting forward a counteroffer, "our only option is to litigate the matter, which we frequenlty [sic]

12  do, so please do not make the mistake of ignoring this." The letter further warned that in the event of

13  litigation, defendant "will ask for the maximum justifiable damages," that "the demand amount will likely

14  quadruple or more," and that plaintiff "will likely also have to pay attorneys fees."

15  27.  A member of the staff of the Higbee law firm sent an email dated April 22, 2019, to Anderson

16  in California, received at his home in Healdsburg, insisting that he comply with a demand letter dated April

17  15, 2019, and directing him to a web site where he could make payment.  Anderson, however,  has never

18  received any letter from the Higbee firm dated April 15.  The email did not mention any specific copyright

19  holder, and it refers to plaintiff not by name but as "{infringer_company_name}."  However, the Higbee

20  firm file number mentioned in the email matches the file number on the May 1, 2019 letter on behalf of

21  Steven Hirsch, and when Anderson visited the Higbee firm web site using the login instructions provided

22  in the April 22 email, he reached a web page devoted to defendant Hirsch's claim of copyright infringement

23  based on the Harvey Weinstein photograph.  The April 22 email is attached as Exhibit D.

24  28.  The settlement agreement on the Higbee web site identified in paragraph 27, which was accessed

25  by clicking on the link and following the instructions in the April 22 email described in paragraph 27,

26  identified Steven Hirsch as the copyright holder and included both a California forum-selection clause and

27  a California choice-of-law provision.  A copy of the settlement agreement is attached as Exhibit E.

28  29.  After receiving the various demands described above, Anderson asked the forum moderators

to remove both the forum posts containing the deeplinks, as well as any other posts quoting the removed posts from the each of the discussions (described in paragraphs 16, 17, and 18).

30.  Even though the posts had been removed, employees of the Higbee law firm sent several emails to Anderson in California, received at his home in Healdsburg, demanding payment and threatening to refer the matter to the firm's litigation team. Employees of the Higbee firm also called him several times on his California cellphone and left voicemail messages, which he received at his home in Healdsburg, California, containing similar warnings and threats of litigation.

31.  By emails dated May 30 and June 11, 2019, directed to Anderson in California, received at his home in Healdsburg, California, employees of the Higbee firm sent Anderson draft federal court complaints, on behalf of defendant Hirsch claiming infringement of the Harvey Weinstein photograph, and on behalf of defendant Seliger claiming infringement of the Little Big Lies cast photograph. Each complaint accused Anderson of copyright infringement and sought up to $150,000 in damages as well as attorney fees.  Despite the fact that Anderson had already removed from the forum the deeplinks to defendants' photographs, the draft complaints sought broad injunctive relief against infringement of the copyright in any of defendants' works.   To date, no such lawsuits have yet been filed.

32.  Defendants have not withdrawn their threat to sue for copyright infringement.

33.  Anderson believes that deeplinks that a forum user posts to the discussion site do not violate defendants' copyright, and in any case would not constitute infringement for which plaintiff would be legally responsible.  Anderson desires to restore the deeplinks in the forum posts, but he cannot do so as a result of defendants' pending threats of litigation and of substantial damages and attorney fees.

34.  On information and belief, the Higbee firm uses image search software to scour the Internet for photographs taken by its various clients, seeking to identify targets for demand letters.  Anderson does not know and has no way of knowing whether any of the millions of user posts to the AwardsWatch forum contain links to any of defendants' photographs.  Despite the fact that Anderson believes that the deeplinks that forum users include in posts to the discussion forum do not constitute copyright infringement, and that he is not liable for copyright infringement based on material posted by forum users, to protect himself against further such claims and threatened litigation from the Higbee firm on behalf of defendants and the firm's other clients, plaintiff has closed the AwardsWatch forum to new users, has barred non-users of the

forum from viewing the forum, and has disabled the posting of deeplinks to the forum.

**CAUSE OF ACTION**

35.  A justiciable and actual controversy exists by way of defendants' credible threat of immediate litigation seeking damages from the plaintiff.

36.  Plaintiff is entitled to declaratory judgment that he is not infringing, has not infringed, and is not liable for infringing any valid copyright owned by defendants based on the posting on the discussion forum by forum users of deeplinks to defendants' photographs.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for relief against defendants as follows:

A.  Declare that the posting to plaintiff's discussion forum (or restoration thereof) of deeplinks to other web sites where defendants' photographs are displayed, which hyperlinks enable users of the discussion forum to view the photographs, was not and would not be copyright infringement;

B.  Declare that the forum users' posting (or the restoration thereof) of deeplinks to other web sites where defendants' photographs are displayed was not infringement for which plaintiff is legally liable in the absence of plaintiff's volitional acts or direct financial benefit from the alleged infringement;

C.  Award plaintiff's costs and attorney's fees against defendants as allowed by law; and

D.  Grant such other or further relief as allowed by law and the Court deems appropriate.

DATED: September 6, 2019

PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, D.C. 20009

By:    /s/ Paul Alan Levy
(pro hac vice to be sought)
Telephone: (202) 588-7725
plevy@citizen.org

JUELSGAARD INTELLECTUAL PROPERTY AND INNOVATION CLINIC
Mills Legal Clinic at Stanford Law School
Crown Quadrangle, 559 Nathan Abbott Way
Stanford, California 94305-8610

By:     /s/ Phillip R. Malone
California Bar No. 163969
Telephone: (650) 724-1900
Facsimile: (650) 725-0253
pmalone@stanford.edu

# EXHIBIT A

# Higbee & Associates
A NATIONAL LAW FIRM

April 04, 2019,
Re: Claim Number: 532589   FRE 408 Settlement Communication

Dear Sir or Madam,

Copyrighted work(s) owned by our client, Mark Seliger, were identified on
AwardsWatch website(s) (see attached screenshots). Unfortunately, we are unable to find any
record of a license for such use. If you have a license, thank you for purchasing it. Please
provide us the details at claims@higbeeassociates.com with the claim number (532589)
included. Once we receive the license, we will close the claim and apologize for the brief
intrusion.

Also, if you are a non-commercial entity (meaning you do not derive income from the
website) or if you do not do business in the US, please simply let us know as you are
probably receiving this letter in error.

The unauthorized use of our client's work deprives them of income and causes them to
incur substantial costs in detection and enforcement.

If AwardsWatch does not have a license, we believe the use of the work is a violation of
The Copyright Act, Title 17 of the United States Code.  My client has no desire to put you
through any of the following, but I have an obligation to caution you about the seriousness of
the matter.  If forced to go to court to resolve the matter, my client will ask for the maximum
justifiable damages.  My client may also ask the court to order AwardsWatch to pay their
attorneys fees and court costs.  Copyright lawsuits can result in judgments, wage
garnishments and liens on property.  In some instances, the business owner can be held
individually liable.  Please see the enclosed relevant section of the law and sources of
additional information.

Mark Seliger would prefer to resolve this matter outside of court and is willing to offer a
complete release of all liability associated with this image for $17000.   This offer is made
based on rather limited information available to Mark Seliger.

If you think this amount is disproportionate to the facts, please provide us with details
about how long you used the work, the size of your business, any other ways the work was
used, and any other details you deem relevant. Also provide a counteroffer for us to provide
to Mark Seliger.  We can be reached by email at claims@higbeeassociates.com or by phone
at 800-716-1245. You may also wish to have an attorney contact us.

The overwhelming majority of these types of claims get resolved in a fair and efficient
manner.  However, without your cooperation, our only option is to litigate the matter, which
we frequently do, so please do not make the mistake of ignoring this.  If this matter is
litigated, the demand amount will likely quadruple or more, and then you will likely
also have to pay attorneys fees.  If you have general business liability insurance, you may
wish to contact your provider.

**If we do not hear from you within 10 days, we will assume that you do not have a
license and that you do not want to resolve this matter outside of court.**

If you wish to simply resolve this claim without contacting us, you can view details of the
claim and make a payment at the URL provided.

Exhibit A

To resolve this matter efficiently and amicably out of court, please follow these steps:

(1) Within five business days after receipt of this letter, remove all occurrences of the image from your website(s), cease using it in any way, and confirm in writing that you have done so.

AND

(2) Within seven business days after receipt of this letter, return to our firm the attached Release License, along with your payment of **$17000** made payable to **Higbee & Associates Client Trust Account.** This can be returned to us via US Mail. You can also pay over the phone or online at http://copyright.higbeeassociates.com/resolution.  Your login is 532589. Your password is y5hx00lg. If you choose to make your payment online, you can return the Release License via email to claims@higbeeassociates.com. Please include the case number (532589) in the subject line.

Please feel free to call or email us to discuss this matter, 800-716-1245 or send an email to claims@higbeeassociates.com

Sincerely,

Mathew K. Higbee
Attorney at Law

**EXHIBIT A**



## Infringing webpages:

- http://awardswatch.com/forums/showthread.php?39682-American-Gods-Adaptation-Casts-Its-Lead/page2

## Infringing file locations:

- https://s-media-cache-ak0.pinimg.com/736x/4d/cc/6f/4dcc6f7ae17ae6bbbb2d3eeff12331e0.jpg

Infringing images and screenshots are shown below. You can receive copies of these images via email by sending a request to infringements@higbeeassociates.com. The email must include the case number (532589) in the subject line.



**EXHIBIT B**



## Infringing webpages:

- http://awardswatch.com/forums/showthread.php?35758-Nicole-Kidman-and-Reese-Witherspoon-joining-forces-for-Big-Little-Lies/page28

## Infringing file locations:

- http://i.imgur.com/BjRNoHH.jpg

Infringing images and screenshots are shown below. You can receive copies of these images via email by sending a request to infringements@higbeeassociates.com. The email must include the case number (532589) in the subject line.



# EXHIBIT B

## RELEASE AND SETTLEMENT AGREEMENT

This RELEASE AND SETTLEMENT AGREEMENT  ("Agreement") is entered into on April 04, 2019 ("Effective Date") by and between Mark Seliger("RELEASOR") and AwardsWatch ("RELEASEE") (the "Parties" or individually the "Party").

The Parties agree as follows:

1. The Parties acknowledge and agree that this Agreement is made in resolution to the RELEASEE's alleged unlicensed use of image(s) referenced in the Exhibit(s) below ("Images").

2. RELEASOR hereby represents and warrants that it has the exclusive rights in the settlement and resolution of the claims related to the alleged unlicensed use of the copyrighted Images.

3. In consideration of the release and other consideration granted herein, RELEASEE will pay to RELEASOR the sum of $17,000.00 by April 04, 2019. Upon Payment in full, RELEASOR will release RELEASEE form all copyright claims arising out of the use of the Images through the Effective Date.

4. Payment shall be made payable to "Higbee & Associates Client Trust Account" and delivered to 1504 Brookhollow Dr., Suite 112, Santa Ana, CA 92705. Payment may also be made online at http://copyright.higbeeassociates.com/resolution

### ADDITIONAL TERMS AND CONDITIONS

5. Except for the agreements, obligations, and covenants arising under this Agreement, the Parties will release the other party from any and all claims arising from the use of the Images.

6. The Parties acknowledge that all terms of this Agreement are supported by legally sufficient consideration so as to make this Agreement binding and valid.

7. The terms of this Agreement are confidential; provided however, that each Party may disclose the terms of this Agreement, as necessary to enforce its terms, in response to valid legal process or as otherwise required by law, and/or to its financial advisors and/or legal advisors.

8. The Parties warrant that they have read and understand the provisions of this Agreement and have full authority to execute and consummate the transactions contemplated by this Agreement.

9. This Agreement may not be modified or amended except by written agreement, signed by all Parties.

10. This Agreement, along with its terms and conditions will be binding upon and inure to the benefit of each of the Parties and to their heirs, executors, administrators, successors in interest and assigns.

11. The Parties acknowledge that if any provision or application of this Agreement is held invalid or unenforceable then any such provision will be deemed severed from this Agreement and the remaining provisions and applications of this Agreement will not be affected, but will remain valid and enforceable.

12. This Agreement will be governed by and construed in accordance with the laws of the State of California, without regard to conflict of law principles, notwithstanding the fact that one or more counterparts hereof may be executed outside of such state, or one or more of the obligations of the Parties hereunder are to be performed outside of such state. Any suit, action or proceeding to determine, construe or enforce any provision of this Agreement, or the rights of any party hereunder, will be brought in the State of California, and the Parties agree that jurisdiction will lie therein.

13. If a suit, action, arbitration or other proceeding of any nature whatsoever is instituted in connection with any controversy arising out of this Agreement, or to interpret or enforce any rights under this Agreement, the prevailing party is entitled to recover reasonable costs and attorney's fees from the other party.

Case number: 532589                                    Printed: April 04, 2019 11:57

## Exhibit B

14.  Payments that are received more than 5 calendar days late will be accessed a $40 late fee. Additionally, an interest rate based on a 15% annual will be charged on overdue balances after 30 days.

15. This Agreement constitutes and contains the entire agreement between the Parties with respect to the alleged unlicensed use referred to in this Agreement and there are no other agreements, understandings or representations with respect to this subject matter, which are not expressly set forth herein.

16. This Agreement can be signed in counterparts.


_____                                            _____

Sir or Madam                                                       Date
On Behalf of
RELEASEE(s)AwardsWatch


_____                                            April 04, 2019
                                                                   _____
Mathew K. Higbee, Esq.                                             Date
on Behalf of Licensor(s)
Mark Seliger

EXHIBIT C

# Higbee & Associates

May 01, 2019,
Re: Claim Number: 532661    FRE 408 Settlement Communication

Dear Erik Anderson,

Copyrighted work(s) owned by our client, Steven Hirsch, were identified on
AwardsWatch website(s) (see attached screenshots). Unfortunately, we are unable to find any
record of a license for such use. If you have a license, thank you for purchasing it. Please
provide us the details at claims@higbeeassociates.com with the claim number (532661)
included. Once we receive the license, we will close the claim and apologize for the brief
intrusion.

The unauthorized use of our client's work deprives them of income and causes them to
incur substantial costs in detection and enforcement.

If AwardsWatch does not have a license, we believe the use of the work is a violation of
The Copyright Act, Title 17 of the United States Code.  My client has no desire to put you
through any of the following, but I have an obligation to caution you about the seriousness of
the matter.  If forced to go to court to resolve the matter, my client will ask for the maximum
justifiable damages.  My client may also ask the court to order AwardsWatch to pay their
attorneys fees and court costs.  Copyright lawsuits can result in judgments, wage
garnishments and liens on property.  In some instances, the business owner can be held
individually liable.  Please see the enclosed relevant section of the law and sources of
additional information.

Steven Hirsch would prefer to resolve this matter outside of court and is willing to offer a
complete release of all liability associated with this image for $6750.  This offer is made
based on rather limited information available to Steven Hirsch.

If you think this amount is disproportionate to the facts, please provide us with details
about how long you used the work, the size of your business, any other ways the work was
used, and any other details you deem relevant.  Also provide a counteroffer for us to provide
to Steven Hirsch.  We can be reached by email at claims@higbeeassociates.com or by phone
at 800-716-1245.  You may also wish to have an attorney contact us.

The overwhelming majority of these types of claims get resolved in a fair and efficient
manner.  However, without your cooperation, our only option is to litigate the matter, which
we frequenlty do, so please do not make the mistake of ignoring this.  If this matter is
litigated, the demand amount will likely quadruple or more, and then you will likely
also have to pay attorneys fees.  If you have general business liability insurance, you may
wish to contact your provider.

**If we do not hear from you within 10 days, we will assume that you do not have a
license and that you do not want to resolve this matter outside of court.**

If you wish to simply resolve this claim without contacting us, you can view details of the
claim and make a payment at the URL provided.

To resolve this matter efficiently and amicably out of court, please follow these steps:

Claim number: 532661                         Printed: May 01, 2019 09:22

Exhibit C

# Higbee & Associates

A NATIONAL LAW FIRM

(1) Within five business days after receipt of this letter, remove all occurrences of the image from your website(s), cease using it in any way, and confirm in writing that you have done so.

**AND**

(2) Within seven business days after receipt of this letter, return to our firm the attached Release License, along with your payment of **$6750** made payable to **Higbee & Associates Client Trust Account**. This can be returned to us via US Mail. You can also pay over the phone or online at http://copyright.higbeeassociates.com/resolution.  Your login is 532661. Your password is le4oetm0. If you choose to make your payment online, you can return the Release License via email to claims@higbeeassociates.com. Please include the case number (532661) in the subject line.

Please feel free to call or email us to discuss this matter, 800-716-1245 or send an email to claims@higbeeassociates.com

Sincerely,

Mathew K. Higbee
Attorney at Law

Claim number: 532661                                                    Printed: May 01, 2019 09:22

**Higbee & Associates**

## EXHIBIT A



## Infringing webpages:

- https://awardswatch.com/forums/showthread.php?48411-Best-Picture-March-2019/page3

## Infringing file locations:

- https://www.thewrap.com/wp-content/uploads/2018/05/weinstein-2.jpg

Infringing images and screenshots are shown below. You can receive copies of these images via email by sending a request to infringements@higbeeassociates.com. The email must include the case number (532661) in the subject line.



EXHIBIT D

From: **Copyright Claims** <claim@higbeeassociates.com>
Date: Mon, Apr 22, 2019 at 9:43 AM
Subject: Follow-Up from the Law Firm of Higbee & Associates - 532661
To: <erik.anderson@awardswatch.com>

Dear Erik Anderson:

This email is a follow up to the letter dated April 15, 2019 that our law firm sent to you via US Mail. If you have not received it, please let me now. If you have an attorney assisting you with this matter, please forward this communication to him or her. If you do not have an attorney representing you, you may wish to hire one. You may also with to provide a copy of this email to your business insurance carrier.

Copyright images owned by my client were discovered on the AwardsWatch website(s) as the exhibits attached to the letter show. If you have a license for the images, please provide some evidence of it or tell us where you obtained, and please accept my apology for the intrusion.

   If {infringer_company_name} does not have a license, we believe the use of the work is a violation of The Copyright Act, Title 17 of the United States Code. If forced to go to court to resolve the matter, my client will ask for the maximum justifiable damages. Please see the enclosed relevant section of the law. My client, may also ask the court to order {infringer_company_name} to pay their attorneys fees and court costs.

Our client is now asking that {infringer_company_name} pay $6750 to settle this matter. This amount takes into account the normal licensing fee, the costs incurred in detecting and pursuing the unauthorized use, and the nature of the use. If you believe there are factors that should make this amount lower, please let us know by calling us or sending us email. We welcome the opportunity to have a polite and professional conversation about the matter.

If you are a non-commercial entity (meaning you do derive income from the website) or if you do not do business in the US, please let us know as you are probably receiving this letter in error.

If you simply wish to resolve this without a conversation, please follow these steps:

(1) Immediately after receipt of this email, remove all occurrences of the image from your website(s), cease using it in any way, and confirm in writing that you have done so.

(2) Immediately after receipt of this email, return to our firm the attached Release License, along with your payment of $6750 payable to **"Higbee & Associates Client Trust Account"**. This can be returned to us via US Mail. You can also pay online at https://copyright.higbeeassociates.com/resolution. If you choose to make your payment online, you can return the Release License via email to claims@higbeeassociates.com. The email must include the case number 532661 in the subject line.

A copy of the letter plus all of the exhibits and evidence in this case can be obtained at the online resolution portal.

Your login info is shown below:

Website: https://copyright.higbeeassociates.com/resolution

Username: 532661

Password: le4oetm0

You can also all us at (800) 716-1245. We will be glad to talk with you about this issue.

Learn more about Higbee & Associates at the following sites:

• A+ Rated With the Better Business Bureau - http://www.bbb.org/sdoc/business-reviews/attorneys-and-lawyers/higbee-associates-in-santa-ana-ca-100071532/

• California Corporation ID C2972583

Best Regards,

Mathew K. Higbee



Exhibit D

Attorney at Law

Law Firm of Higbee & Associates  (http://www.higbeeassociates.com)
1504 Brookhollow Dr., Suite 112, Santa Ana, CA 92705
Phone: (800) 716-1245

# EXHIBIT E

# Higbee & Associates
A NATIONAL LAW FIRM

**RELEASE AND SETTLEMENT AGREEMENT**

This RELEASE AND SETTLEMENT AGREEMENT  ("Agreement") is entered into on August 29, 2019 ("Effective Date") by and between Steven Hirsch("RELEASOR") and AwardsWatch ("RELEASEE") (the "Parties" or individually the "Party").

The Parties agree as follows:

1. The Parties acknowledge and agree that this Agreement is made in resolution to the RELEASEE's alleged unlicensed use of image(s) referenced in the Exhibit(s) below ("Images").

2. RELEASOR hereby represents and warrants that it has the exclusive rights in the settlement and resolution of the claims related to the alleged unlicensed use of the copyrighted Images.

3. In consideration of the release and other consideration granted herein, RELEASEE will pay to RELEASOR the sum of $6,750.00 by August 29, 2019. Upon Payment in full, RELEASOR will release RELEASEE from all copyright claims arising out of the use of the Images through the Effective Date.

4. Payment shall be made payable to "Higbee & Associates Client Trust Account" and delivered to 1504 Brookhollow Dr., Suite 112, Santa Ana, CA 92705. Payment may also be made online at http://copyright.higbeeassociates.com/resolution

**ADDITIONAL TERMS AND CONDITIONS**

5. Except for the agreements, obligations, and covenants arising under this Agreement, the Parties will release the other party from any and all claims arising from the use of the Images.

6. The Parties acknowledge that all terms of this Agreement are supported by legally sufficient consideration so as to make this Agreement binding and valid.

7. The terms of this Agreement are confidential; provided however, that each Party may disclose the terms of this Agreement, as necessary to enforce its terms, in response to valid legal process or as otherwise required by law, and/or to its financial advisors and/or legal advisors.

8. The Parties warrant that they have read and understand the provisions of this Agreement and have full authority to execute and consummate the transactions contemplated by this Agreement.

9. This Agreement may not be modified or amended except by written agreement, signed by all Parties.

10. This Agreement, along with its terms and conditions will be binding upon and inure to the benefit of each of the Parties and to their heirs, executors, administrators, successors in interest and assigns.

11. The Parties acknowledge that if any provision or application of this Agreement is held invalid or unenforceable then any such provision will be deemed severed from this Agreement and the remaining provisions and applications of this Agreement will not be affected, but will remain valid and enforceable.

12. This Agreement will be governed by and construed in accordance with the laws of the State of California, without regard to conflict of law principles, notwithstanding the fact that one or more counterparts hereof may be executed outside of such state, or one or more of the obligations of the Parties hereunder are to be performed outside of such state. Any suit, action or proceeding to determine, construe or enforce any provision of this Agreement, or the rights of any party hereunder, will be brought in the State of California, and the Parties agree that jurisdiction will lie therein.

13. If a suit, action, arbitration or other proceeding of any nature whatsoever is instituted in connection with any controversy arising out of this Agreement, or to interpret or enforce any

Case number: 532661                    Printed: August 29, 2019 15:28

# Higbee & Associates
A NATIONAL LAW FIRM

rights under this Agreement, the prevailing party is entitled to recover reasonable costs and attorney's fees from the other party.

14.  Payments that are received more than 5 calendar days late will be accessed a $40 late fee. Additionally, an interest rate based on a 15% annual will be charged on overdue balances after 30 days.

15. This Agreement constitutes and contains the entire agreement between the Parties with respect to the alleged unlicensed use referred to in this Agreement and there are no other agreements, understandings or representations with respect to this subject matter, which are not expressly set forth herein.

16. This Agreement can be signed in counterparts.


_____                                    _____

Erik Anderson                                                        Date
On Behalf of
RELEASEE(s)AwardsWatch


_____                                    August 29, 2019
                                                                           _____
Mathew K. Higbee, Esq.                                        Date
on Behalf of Licensor(s)
Steven Hirsch


Case number: 532661                          Printed: August 29, 2019 15:28

Higbee & Associates

**EXHIBIT A**



## Infringing Webpages:

- https://awardswatch.com/forums/showthread.php?48411-Best-Picture-March-2019/page3

## Infringing File Locations:

- https://www.thewrap.com/wp-content/uploads/2018/05/weinstein-2.jpg

Infringing images and screenshots are shown below. You can receive copies of these images via email by sending a request to infringements@higbeeassociates.com. The email must include the case number (532661) in the subject line.



Case number: 532661                                  Printed: August 29, 2019 15:28