UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIK ANDERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MARK SELIGER, et al.,<br><br>　　　　Defendants. | Case No. 5:19-cv-05630-EJD<br><br>**ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 17 |

　　　　Plaintiff Erik Anderson initiated this suit seeking a declaratory judgment that he has not infringed Defendants Mark Selinger and Steven Hirsch's copyrights to photographs. At issue is whether third-party postings of "deeplinks" (also known as "inline links") to Defendants' photographs onto Anderson's website, AwardsWatch.com, constitutes copyright infringement. Defendants move to dismiss the action[1], arguing that (1) the case is moot now that Defendants have granted Anderson and the current owners and operators of AwardsWatch.com irrevocable retroactive and future licenses to display the three photographs identified in the First Amended Complaint ("FAC"), and (2) Anderson lacks standing because he no longer owns or operates AwardsWatch.com. Dkt. No. 17-1. Defendants also request attorney's fees as the "prevailing party" under title 17 United States Code section 505. The Court finds it appropriate to take the matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). Based upon all pleadings filed to date, the Court will deny the motion to dismiss and the request

---

[1] Defendants' motion to dismiss is styled as a motion under both Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The motion, however, raises only a mootness argument under Rule 12(b)(1), not failure to state a claim.

Case No.: 5:19-cv-05630-EJD
ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT

1

for attorney's fees.

## I. BACKGROUND[2]

Plaintiff Anderson owned a website at AwardsWatch.com, which carries Anderson's original content about films and award competitions, as well as material written by others. FAC ¶ 2. The website includes a forum in which members of the public discuss these subjects. *Id*. The forum was initially located at https://awardswatch.com/forums. *Id*. ¶ 15. The forum contains millions of posts, some of which include images. *Id*. Several hundred new posts appear daily. *Id*. Defendants are photographers. *Id*. ¶ 1.

In 2016, 2017 and 2019, users of the AwardsWatch.com forum posted comments that included deeplinks to photographs taken by Defendants. *Id*. ¶ 3. A deeplink is a hyperlink to another website that is not affiliated with the site where the link is posted. *Id*. ¶ 16. One of the deeplinks posted on awardswatch.com led to a photograph of Gillian Anderson dressed as Lucy Ricardo. *Id*. ¶ 16. Another deeplink led to a photograph of three cast members in the HBO series Big Little Lies. *Id*. ¶ 17. A third deeplink led to a photograph of Harvey Weinstein. *Id*. ¶ 18. These three photographs were never posted or maintained on the server for AwardsWatch or the AwardsWatch.com forum. *Id*. ¶ 19. Anderson did not post the deeplinks and was unaware of them until he received complaints from Defendants in 2019. *Id*. ¶¶ 3, 20. Anderson did not encourage the placement of the deeplinks in the forum posts and he has not derived any financial benefit from them. *Id*. ¶ 21. After receiving Defendants' complaints, Anderson promptly had the posts with the deeplinks removed even though he did not believe he had done anything wrong. *Id*. ¶¶ 3, 29.

Despite having removed the posts, Anderson received demand letters from Defendants' counsel in April and May of 2019 accusing him of copyright infringement of three images and demanding thousands of dollars for a license. *Id*. ¶ 4 & Exs. A (demanding $17,000), C

---

[2] The Background is a brief summary of the allegations in the FAC (Dkt. No. 13) and extrinsic evidence submitted by both parties. The court may consider this extrinsic evidence without converting the motion to dismiss into a motion for summary judgment. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Case No.: 5:19-cv-05630-EJD
ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT
2

1  (demanding $6,750), D (demanding $6,750). The letters warned Anderson of the possibility that

2  Defendants would file suit seeking "the maximum justifiable damages," attorneys' fees and costs.

3  *Id*. The letters also warned that Anderson could be subject to wage garnishment and liens on

4  property. *Id*. ¶ 4 & Ex. A, C. Defendants followed up with several emails and cellphone calls. *Id*.

5  ¶¶ 5, 30. Defendants also emailed Anderson draft complaints for copyright infringement. *Id*. ¶ 31.

6        In September of 2019, Anderson filed this declaratory relief action. Dkt. No. 1. As of

7  October 13, 2019, Anderson no longer owns, manages or operates the forum located at

8  https://awardswatch.com/forums and the forum is now located to http://awardsworthy.org. FAC ¶

9  15. At the time Anderson initiated suit, Defendants had not withdrawn their threats of litigation

10  for copyright infringement. *Id*. ¶ 32.

11        Shortly before Defendants' response to the complaint was due, Defendants offered licenses

12  for the use of three photographs described above and asked Anderson to withdraw the complaint.

13  FAC ¶ 32, Levy Aff. ¶ 6 & Ex. B. Defendants decided to offer the licenses based on Anderson's

14  representation that AwardsWatch.com was not profitable and because Defendants "came to the

15  decision that further efforts to enforce their rights . . . was not warranted, especially since

16  [Anderson] removed the [images] from his website." Defs.' Mot. 3. Anderson told Defendants

17  that the licenses were not sufficient to render the case moot because Defendants still had the

18  ability to threaten and sue him for past posts of deeplinks to other photos. Levy Aff. ¶¶ 7-8.

19  Anderson acknowledged, however, that because he had "given up ownership" of the forum, he did

20  not need any license or covenant not to sue over future posts of deeplinks to the forum. *Id*. ¶ 10.

21  In response, Defendants expanded the scope of the licenses for the three photos to include use on

22  any subdomain associated with AwardsWatch.com. *Id*. 9. Because Anderson was still dissatisfied

23  with the scope of the licenses, he filed the FAC seeking a declaratory judgment that "the posting

24  to [Anderson's] discussion forum of deeplinks to other web sites where *any* of defendants'

25  photographs are displayed, which enable users of the discussion forum to view the photographs,

26  *was not and would not* be copyright infringement." FAC ¶ A (emphasis added). Anderson also

27  seeks a declaratory judgment that "the forum users' posting (or the restoration thereof) of

28  Case No.: 5:19-cv-05630-EJD
ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT
3

deeplinks to other web sites where any of defendants' photographs are displayed *was not* infringement for which [Anderson] is legally liable in the absence of plaintiff's volitional acts or direct financial benefit from the alleged infringement." *Id*. ¶ B (emphasis added). The FAC's references to infringement in the past tense indicate that Anderson is not seeking declaratory relief for deeplinks that may be posted in the future. Instead, the FAC limits the relief sought to past or existing deeplink posts. Pl.'s Opp'n 18, n.9. In a declaration dated December 21, 2019, Anderson states:

> I am still concerned that the defendants may sue me for alleged infringement relating to other deep links to their photographs that were posted to the forum while I owned it. That is why, in order to protect myself, I have requested that the defendants provide a license or promise not to sue covering all deep links to their photographs that were posted to the forum during my ownership of it. The fact that the defendants will not agree to my requests makes me worry about the prospect of a future infringement suit.

Anderson Decl. ¶ 9.

## II.     STANDARDS

"The Constitution's case-or-controversy limitation on federal judicial authority, Art. III, § 2, underpins both our standing and our mootness jurisprudence," but the two inquiries are different. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). Article III limits the exercise of federal judicial power to "cases" and "controversies." *Aetna Life Ins. Co. of Hartford, Conn v. Haworth*, 300 U.S. 227, 239 (1937). Consistent with Article III, the Declaratory Judgment Act limits federal courts to cases of "actual controversy." 28 U.S.C. § 2201. The mootness doctrine originates from the case or controversy requirement. *CCL Serv. Corp. v. United States*, 43 Fed.Cl. 680, 688 (1999). An actual controversy must exist at the time the complaint is filed and through all stages of the suit. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997). "A case is moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Rice Servs., Ltd. v. United States*, 405 F.3d 1017, 1019 n. 3 (Fed. Cir. 2005) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

Case No.: 5:19-cv-05630-EJD
ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT
4

Article III also imposes standing requirements. *Friends of the Earth*, 528 U.S. at 180. To satisfy the standing requirements, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992).

"Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A Rule 12(b)(1) jurisdictional challenge may be facial or factual. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). A facial Rule 12(b)(1) motion involves an inquiry confined to the allegations in the complaint. Thus, it functions like a limited-issue motion under Rule 12(b)(6); all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself. *Thornhill Publ'g Co. v. Gen. Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979). In a factual challenge, "the challenger disputes the truth of the allegations [in the complaint] that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. When resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the Rule 12(b)(1) motion to dismiss into a motion for summary judgment. *Id*. "The court need not presume the truthfulness of the plaintiff's allegations." *Id*. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

Mootness and standing are jurisdictional issues that may be raised at any time. *DBSI/TRI IV Ltd. P'ship v. U.S.*, 465 F.3d 1031, 1037-38 (9th Cir. 2006).

Case No.: 5:19-cv-05630-EJD
ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT

5

## III. DISCUSSION

### A. Defendants Have Failed to Show The Action is Moot

Defendants do not dispute that a live case or controversy existed when the case was initiated in September of 2019. Rather, Defendants contend that the case is now moot because Defendants "have each agreed to grant the owners and operators of AwardsWatch.com an irrevocable retroactive and future license" to allow "inline links" of Defendants' three images on Awardswatch.com, including any of its subdomains. Defs.' Mot. 7 & Higbee Decl., Ex. A. Defendants also characterize the suit as an improper attempt to seek an advisory opinion regarding deeplink posting that has yet to occur or to be discovered. The Court disagrees.

"A defendant's voluntary cessation of a challenged practice ordinarily does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth*, 528 U.S. at 169-70. "Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all of his unlawful ends." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). "Thus, the standard for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth*, 528 U.S. at 170. The party claiming mootness bears "the formidable burden" of making this showing. *Id*. at 190.

In *Already*, Nike, Inc. ("Nike") filed suit against a competitor, Already, LLC ("Already"), alleging that two of Already's shoe lines infringed and diluted one of Nike's trademarks. *Already*, 568 U.S. at 88. Already counterclaimed contending that Nike's trademark was invalid. *Id*. Several months later, Nike issued a "Covenant not to Sue" ("Covenant") and moved to dismiss its claims with prejudice and to dismiss Already's invalidity counterclaim without prejudice. *Id*. at 89. The Court found the Covenant's "broad language" and Already's description of its anticipated future activities rendered it "absolutely clear" that the allegedly unlawful activity "cannot reasonably be expected to recur." *Id*. at 95. The Covenant provided that:

> [Nike] unconditionally and irrevocably covenants to refrain from

Case No.: 5:19-cv-05630-EJD
ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT
6

> making *any* claim(s) or demand(s) . . . against Already or *any* of its ... related business entities . . . [including] distributors ... and employees of such entities and *all* customers . . . on account of any *possible* cause of action based on or involving trademark infringement, unfair competition, or dilution, under state or federal law . . . relating to the NIKE Mark based on the appearance of *any* of Already's current and/or previous footwear product designs, and *any* colorable imitations thereof, regardless of whether that footwear is produced ... or otherwise used in commerce before or after the Effective Date of this Covenant.

*Id*. at 93 (alterations and emphases in original). Because the Covenant was unconditional and irrevocable, prohibited Nike "from making any claim or any demand," and protected Already as well as Already's distributors and customers, the Court found it "hard to imagine a scenario that would potentially infringe [Nike's trademark] and yet not fall under the Covenant." *Id*. at 95 (alteration in original) (quotation marks and citation omitted). Therefore, Already's counterclaim was "clearly moot." *Id*. at 100.

Here, each Defendant grants the "owners and operators of AwardsWatch.com an irrevocable retroactive and future license to display his image [ ] via an inline link site on Awardswatch.com, including any of its subdomains." Higbee Decl., Ex. A. These licenses are distinguishable from the Covenant in *Already*. First, the licenses do not protect Anderson from future lawsuits: they are licenses, not covenants not to sue. Second, the licenses extend only to the "owners and operators of AwardsWatch.com" and leave the forum users exposed to potential litigation and liability for posting to the forum. Third, the licenses are confined to the three photographs identified in the FAC, which leaves Anderson and forum users exposed to potential litigation and liability for deeplinks to other copyrighted photos that may exist in the millions of posts on the AwardsWatch forum. The proffered licenses do not stop Defendants from simply finding another deeplink on the forum and sending Anderson another threatening letter after this case is dismissed.[3] Thus, the licenses in this case are too narrow to make it "absolutely clear" that Defendants will not find another instance of alleged copyright infringement on

---

[3] Indeed, Defendants' refusal to grant a broader license suggests that Defendants intended to preserve their right to file other suits against Anderson in the event they locate other deeplinks that were posted on the forum while Anderson was the owner and operator of AwardsWatch.com.

Case No.: 5:19-cv-05630-EJD
ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT
7

https://awardswatch.com/forums. *Compare Expensify, Inc. v. White*, No. 19-1892, 2019 WL 5295064, at *6 (N.D. Cal. Oct. 18, 2019) (finding the action moot because "there is no cognizable distinction between the covenant provided to the plaintiff and the one provided in *Already*), *with Mockingbird Found., Inc. v. Luong*, No. 19-5671 RS, 2020 WL 858099, at *5 (N.D. Cal. Feb. 20, 2020) (finding declaratory relief action was not moot because the license, which was narrower than the covenant in *Already*, failed to make "absolutely clear" that defendant and counsel "will not dig up another purported instance of copyright infringement"), *and Humu, Inc. v. Hulu, LLC*, No. 19-327 HSG, 2019 WL 3220271, at *1-*2 (N.D. Cal. July 17, 2019) (finding declaratory relief action was not moot because the covenant not to sue, which was narrower than the one in *Already*, did not eliminate all potential infringement disputes).

**B.     Standing**

Defendants next contend that Anderson lacks standing to vindicate the rights or potential rights of the current owners of the forum because he no longer owns the AwardsWatch forum. Defendants, however, cite no legal authority and offer no reason beyond mere conclusions to support their argument. Defendants do not cite, and this Court is unaware, of any legal authority that holds that a transfer of ownership necessarily eliminates the former owner's standing to seek declaratory relief to resolve liability for conduct that occurred prior to the transfer. Moreover, Anderson's FAC makes clear that he seeks only to vindicate his legal rights, and not those of the new owner of the AwardsWatch forum.

The Court finds Anderson's allegations of prior ownership and Defendants' repeated accusations of copyright infringement against him are sufficient to establish standing to seek redress for existing deeplink posts. Although Anderson acknowledges in the FAC that he transferred ownership of the AwardsWatch site, he represents in his declaration that "the transfer was done informally, and without any compensation." Anderson Aff. ¶ 7. There was no discussion or agreement about who would be liable for allegations of copyright infringement occurring while Anderson owned the forum. *Id*. As such, the transfer of ownership does not necessarily divest Anderson of standing to pursue declaratory relief. In the analogous context of

Case No.: 5:19-cv-05630-EJD
ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT
8

corporate asset transfers, a purchaser does not assume the seller's liabilities unless "(1) there is an express or implied agreement of assumption, (2) the transaction amounts to a merger or consolidation of the two corporations, (3) the purchasing corporation is a mere continuation of the seller, or (4) the transfer of assets to the purchaser is for the fraudulent purpose of escaping liability for the seller's debts." *Ray v. Alad Corp.*, 19 Cal.3d 22, 28 (1977); *see also Cygnus Telecomms. Tech., LLC v. Worldport Comms, Inc.*, 543 F. Supp. 2d 1113, 1122 & n.5 (N.D. Cal. 2008) ("A corporation cannot free itself from liability for its acts by distributing its assets."). None of the four stated grounds for imposing successor liability are present in this case. Rather, Anderson represents in his declaration that he transferred ownership of the AwardsWatch forum "informally" and "without any compensation." Anderson Aff. ¶ 7. There is no evidence of an express or implied agreement that the purchaser would assume Anderson's potential liabilities. Therefore, Anderson remains potentially liable for the deeplinks posted on the forum and has standing to pursue this declaratory relief action.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss the FAC and request for attorney's fees are DENIED.

**IT IS SO ORDERED.**

Dated: March 9, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-05630-EJD
ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT
9