UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| ERIK ANDERSON,<br><br>          Plaintiff,<br><br>     v.<br><br>MARK SELIGER, et al.,<br><br>          Defendants. | Case No.  5:19-cv-05630-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND COSTS**<br><br>Re: Dkt. No. 36 |

Plaintiff Erik Anderson ("Anderson") has filed a motion for an award of $62,992.50 in attorney fees and costs against Defendants Steven Hirsch and Mark Seliger.  Dkt. No. 36.  Anderson contends he is entitled to fees and costs as the "prevailing party" under the Copyright Act.  The Court finds it appropriate to take the matter under submission for decision without oral argument pursuant to General Order 72-5 and Civil Local Rule 7-1(b).  Based upon all pleadings filed to date, the Court DENIES the motion.

## I.     BACKGROUND

Anderson is the former owner of a website at AwardsWatch.com, which carries Anderson's original content about films and award competitions, as well as material written by others.  First Amended Complaint (FAC) ¶ 2.  The website includes a forum in which members of the public discuss these subjects.  *Id*.  The forum was initially located at https://awardswatch.com/forums.  *Id*. ¶ 15.  The forum contains millions of posts, some of which

United States District Court
Northern District of California

1    include images.  *Id*.  Several hundred new posts appear daily.  *Id*.  Defendants are photographers.

2    *Id*. ¶ 1.

3        In 2016, 2017 and 2019, users of the AwardsWatch.com forum posted comments that

4    included deeplinks to photographs taken by Defendants.  *Id*. ¶ 3.  A deeplink is a hyperlink to

5    another website that is not affiliated with the site where the link is posted.  *Id*. ¶ 16.  One of the

6    deeplinks posted on awardswatch.com led to a photograph of Gillian Anderson dressed as Lucy

7    Ricardo.  *Id*. ¶ 16. Another deeplink led to a photograph of three cast members in the HBO series

8    Big Little Lies.  *Id*. ¶ 17.  A third deeplink led to a photograph of Harvey Weinstein.  *Id*. ¶ 18.

9    These three photographs were never posted or maintained on the server for AwardsWatch or the

10   AwardsWatch.com forum.  *Id*. ¶ 19.  Anderson did not post the deeplinks and was unaware of

11   them until he received complaints from Defendants in 2019.  *Id*.  ¶¶ 3, 20.  Anderson did not

12   encourage the placement of the deeplinks in the forum posts and he has not derived any financial

13   benefit from them.  *Id*. ¶ 21.  After receiving complaints from Defendants, Anderson promptly had

14   the posts with the deeplinks removed even though he did not believe he had done anything wrong.

15   *Id*. ¶¶ 3, 29.

16       Despite having removed the posts, Anderson received demand letters from Defendants'

17   counsel in April and May of 2019 accusing him of copyright infringement of three images and

18   demanding thousands of dollars for a license.  *Id*. ¶ 4 & Exs. A (demanding $17,000), C

19   (demanding $6,750), D (demanding $6,750).  The letters warned Anderson of the possibility that

20   Defendants would file suit seeking "the maximum justifiable damages," attorneys' fees and costs.

21   *Id*.  The letters also warned that Anderson could be subject to wage garnishment and liens on

22   property.  *Id*. ¶ 4 & Ex. A, C.  Defendants followed up with several emails and cellphone calls.  *Id*.

23   ¶¶ 5, 30.  Defendants also emailed Anderson draft complaints for copyright infringement.  *Id*. ¶ 31.

24       In September of 2019, Anderson filed this declaratory relief action.  Dkt. No. 1.  As of

25   October 13, 2019, Anderson no longer owns, manages or operates the forum located at

26   https://awardswatch.com/forums and the forum is now located to http://awardsworthy.org.   FAC ¶

27   Case No.: 5:19-cv-05630-EJD
28   ORDER DENYING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND
     COSTS

United States District Court
Northern District of California

15. At the time Anderson initiated suit, Defendants had not withdrawn their threats of litigation for copyright infringement. *Id*. ¶ 32.

Shortly before Defendants' response to the complaint was due, Defendants offered licenses for the use of three photographs described above and asked Anderson to withdraw the complaint. FAC ¶ 32, Levy Aff. ¶ 6 & Ex. B. Anderson told Defendants that the licenses were not sufficient to render the case moot because Defendants still had the ability to threaten and sue him for past posts of deeplinks to other photos. Levy Aff. ¶¶ 7-8. In response, Defendants expanded the scope of the licenses to include any future postings of the three photographs. *Id*. ¶ 9. Anderson responded that he had "given up ownership" of the forum; that he did not need any license or covenant not to sue over future posts of deeplinks to the forum; but that he continued to need promises not to sue over past postings of photos. *Id*. ¶ 10. Still dissatisfied with the scope of the licenses, Anderson filed the FAC seeking a declaratory judgment that "the posting to [Anderson's] discussion forum of deeplinks to other web sites where *any* of [D]efendants' photographs are displayed, which enable users of the discussion forum to view the photographs, *was not and would not* be copyright infringement." FAC ¶ A (emphasis added). Anderson also sought a declaratory judgment that "the forum users' posting (or the restoration thereof) of deeplinks to other web sites where any of [D]efendants' photographs are displayed *was not* infringement for which [Anderson] is legally liable in the absence of plaintiff's volitional acts or direct financial benefit from the alleged infringement." *Id*. ¶ B (emphasis added).

Defendants moved to dismiss the FAC, asserting that the case was moot and that Anderson lacked sanding. The Court rejected Defendants' mootness for three reasons. First, the licenses did not protect Anderson from future lawsuits: they were licenses, not covenants not to sue. Second, the licenses extended only to the "owners and operators of AwardsWatch.com" and left the forum users exposed to potential litigation and liability for posting to the forum. Third, the licenses were confined to the three photographs identified in the FAC, which left Anderson and forum users exposed to potential litigation and liability for deeplinks to other copyrighted photos. The Court

United States District Court
Northern District of California

1    also held that Anderson had standing to seek declaratory relief against claims that he was liable for

2    anything posted while he owned the forum.

3        Anderson's counsel informed Defendants' counsel that Anderson planned to file an early

4    motion for summary judgment.  Anderson's counsel also explained for a second time that the FAC

5    would be dismissed if Anderson was issued either an irrevocable license or a covenant not to sue

6    over the hosting of deeplinks to any Hirsch or Seliger photograph.  Defendants finally relented and

7    issued irrevocable licenses.  Days later, Anderson filed a voluntary dismissal.

## II.     STANDARDS FOR ATTORNEY'S FEES UNDER THE COPYRIGHT ACT

9        Title 17 United States Code section 505 provides:

> In any civil action under this title, the court in its discretion may allow
> the recovery of full costs by or against any party other than the United
> States or an officer thereof. Except as otherwise provided by this title,
> the court may also award a reasonable attorney's fee to the prevailing
> party as part of the costs.

13   17 U.S.C. § 505.  "District courts have two tasks in applying §505: first, deciding whether an

14   award of attorney's fees is appropriate and, second, calculating the amount of the award." *Cadkin*

15   *v. Loose*, 569 F.3d 1142, 1148 (9th Cir. 2009) (citing *Traditional Cat Ass'n, Inc. v. Gilbreath*, 340

16   F.3d 829, 832-33 (9th Cir. 2003)).  "District courts have discretion to award attorney's fees to

17   prevailing parties under the Copyright Act, but that discretion is triggered only if the party in fact

18   prevailed on the copyright claim." *Id*. (citing 17 U.S.C. § 5050; *Fantasy, Inc. v. Fogerty*, 94 F.3d

19   553, 555 (9th Cir. 1996)).

## III.    DISCUSSION

### A.     Jurisdiction

22       Defendants contend that the Court lacks jurisdiction to hear the motion for attorney's fees

23   and costs because the case is no longer pending.  Not so.  District courts retain subject matter

24   jurisdiction to hear "collateral" matters such as attorney's fees and sanctions after a case is no

25   longer pending. *Cooter & Gell v. Hartmarx Corp.*,  496 U.S. 384, 395 (1990)).  In *Cooter & Gell*,

26   the Supreme Court held that a notice of voluntary dismissal does not terminate a district court's

Case No.: 5:19-cv-05630-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND
COSTS

1    authority to impose sanctions:

2        Like the imposition of costs, attorney's fees, and contempt sanctions,
         the imposition of a Rule 11 sanction is not a judgment on the merits
3        of an action. Rather, it requires the determination of a collateral issue:
         whether the attorney has abused the judicial process, and, if so, what
4        sanction would be appropriate. Such a determination may be made
         after the principal suit has been terminated.
5

6    *Id.* at  395; *see also Budanio v. Saipan Marine Tours*, 22 Fed. Appx. 708, 2001 WL 1173242 (9th

7    Cir. Oct. 2, 2001) ("Despite Plaintiffs' voluntary dismissal, the district court retained jurisdiction .

8    . . to consider collateral matters such as a request for attorney's fees.").

9        Defendants' legal citations do not dictate a different result.  The legal authority cited by

10   Defendants discuss the effects of a voluntary dismissal but not the issue presented here, *i.e.,*

11   whether a court retains jurisdiction to consider a motion for attorney's fees and costs (a collateral

12   matter) after a voluntary dismissal.  *See Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir.

13   1997) ("the filing of a notice of voluntary dismissal with the court automatically terminates the

14   action as to the defendants"); *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1190 (8th Cir. 1984)

15   (noting Rule 41(a)(1) "contains no exceptions that call for the exercise of judicial discretion by

16   any court"); 8 Moore's Federal Practice - Civil § 41.33 (2020) ("Once a notice of dismissal

17   without prejudice is filed, the court loses jurisdiction over the case, and may not address the merits

18   of the action or … issue further orders."); *Am. Soccer Co. v. Score First Enters.*, 187 F.3d 1108

19   (9th Cir. 1999) (holding that the district court lacked jurisdiction to rule on the merits of a case);

20   *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1080 (9th Cir. 1999) ("the district court has

21   no power to place a condition on a Rule 41(a)(1) dismissal at the defendant's request").

22       **B.    Prevailing Party Status**

23       In *Buckhannon Bd. & Care Home v. West Virginia Dep't of Health & Human Res.*, 532

24   U.S. 598, 604 (2001), the Supreme Court interpreted prevailing party provisions in the Americans

25   with Disabilities Act of 1990 and Fair Housing Amendment Act of 1988.  The plaintiffs in

26   *Buckhannon* filed suit to challenge a West Virginia statute that required residents at assisted living

27

28   Case No.:  5:19-cv-05630-EJD
     ORDER DENYING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND
     COSTS

United States District Court
Northern District of California

facilities to be "capable of moving themselves from situations involving imminent danger, such as fire." *Id* at 600.  Partway through the litigation, the State of West Virginia repealed the requirement and the district court dismissed the case as moot.  Plaintiffs sought attorney's fees based on a "catalyst theory," which posits that a plaintiff is a "prevailing party" if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct. *Id*. at 601.  The Supreme Court held that a plaintiff was not a prevailing party when the "lawsuit brought about a voluntary change in the defendant's conduct" without a "judgment on the merits or a court-ordered consent decree.  *Id*.  Relying on the Black's Law Dictionary, the Court concluded that a "prevailing party" is one "who has been awarded some relief by the court."  *Id*. at 604.  Thus, a judgment on the merits serves as a basis for an award of attorney's fees to a prevailing party.  *Id*.  A settlement agreement enforced through a consent decree may also serve as a basis for an award of attorney's fees even if it does not include an admission of liability.  *Id*. This is because although a consent decree does not always include an admission of liability, it nonetheless is a court sanctioned change in the legal relationship between the parties.  *Id*. "[E]nforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties; necessary to permit an award of attorney's fees." *Id*.  In contrast, a dismissal for lack of subject matter jurisdiction is not a judgment on the merits, and therefore does not confer prevailing party status.  *Torres–Negron v. J & N Records, LLC*, 504 F.3d 151, 164 & n. 9 (1st Cir. 2007).

In *Cadkin*, the Ninth Circuit followed the "material alteration" test in *Buckhannon* in deciding whether the defendants were prevailing parties under the Copyright Act's attorney's fees provision.  *Cadkin*, 569 F.3d at 1149.  The plaintiffs voluntarily dismissed their infringement suit without prejudice.  The Ninth Circuit held that defendants were not prevailing parties, reasoning that the plaintiffs' voluntary dismissal without prejudice did not alter the legal relationship of the parties because the defendants remained subject to the risk of refiling.  *Id*.  The voluntary dismissal without prejudice had not deprived plaintiffs of the ability to seek relief in federal court

against the defendants under the Copyright Act." *Id*. at 1150.

The Ninth Circuit went on to add that "a defendant *is* a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court." *Id*. (emphasis added).  It follows that a voluntary dismissal with prejudice may serve as a basis for awarding attorney's fees to a defendant as the prevailing party. *See Nutrivita Labs. v. VBS Distribution Inc.*, 160 F. Supp. 3d 1184, 1190 (C.D. Cal. 2016) ("By stipulating to a dismissal with prejudice, Nutrivita agreed to never reassert these claims against VBS in federal court. That is a sufficient alteration in the parties' legal relationship to confer prevailing party status on VBS under *Cadkin* and *Buckhannon*."); *Riviera Distributors., Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008) (holding voluntary dismissal with prejudice of copyright claims confers prevailing party status on defendants under *Buckhannon*).

Here, as in *Cadkin*, the case ended with the filing of a dismissal *without* prejudice.  A dismissal without prejudice is not a judicially sanctioned material alteration of the legal relationship of the parties.  *Cadkin*, 569 F.3d at 1149.  Therefore, Anderson is not a prevailing party as that term has been defined in *Buckhannon* and applied in *Cadkin*.

Nevertheless, Anderson argues that "considerations of logic, precedent and public policy warrant treating [him] as a prevailing party in this case."  Dkt. No. 36 at 14.  First, Anderson argues that a dismissal without prejudice should not categorically deny him of prevailing party status where, as here, the risk of future claims has been eliminated.  Following this logic, the court in *J.B. ex rel. H.S. v. San Jose Unified Sch. Dist.*, No. 12-6358 SI, 2013 WL 1891398, at *4 (N.D. Cal. May 6, 2013) held that a student stated a legally cognizable claim as a prevailing party under the Individuals with Disabilities Education Act for attorney's fees incurred in defense of the school district's due process action, even though that action had been dismissed without prejudice. The school district due process action was "unique in its procedural posture" in that the student seeking relief from the school district was the defendant rather than the plaintiff.  *Id*.  at *3. The student eventually received "everything he desired" when was reimbursed for certain expenses and

Case No.: 5:19-cv-05630-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND COSTS
7

1   placed back into special education.  *Id*.  A consent decree had not been necessary because the

2   school district had the power to both grant the student relief and withdraw its due process action.

3   *Id*.  The student argued that the district was precluded from refiling its case (on timeliness

4   grounds) even though the dismissal was technically without prejudice.  *Id*.  The district court

5   found these allegations sufficient at the pleading stage to show a material change in the legal

6   relationship of the parties such that the student could assert a claim for attorney's fees as the

7   prevailing party.  *Id*. at *4.

8         Anderson makes the point that *San Jose Unified Sch. Dist.* and the instant action involve

9   unusual procedural postures where the typical roles of plaintiff and defendant are reversed.

10   According to Anderson, if this were a typical case, that is, if Defendants had initiated an

11   infringement suit and subsequently issued Anderson licenses and dismissed their case, then

12   Anderson would have "indisputably been the prevailing party" because the threat of a future filing

13   would have been eliminated.  Dkt. No. 36 at 16.  Anderson asserts that the outcome should be no

14   different when the parties' roles are reversed.  *Id*.  The argument is unpersuasive.  Whether or not

15   Anderson would be deemed the prevailing party under his hypothetical would depend on, among

16   other things, whether the dismissal was with or without prejudice.  Defendants, as hypothetical

17   plaintiffs, could elect to dismiss the infringement action without prejudice.  Under *Buckhannon*

18   and *Cadkin*, such a hypothetical dismissal without prejudice would not be considered a judicially

19   sanctioned material alteration of the legal relationship of the parties.  *Cadkin*, 569 F.3d at 1149.

20         Second, Anderson asserts that a "judicially sanctioned" requirement makes sense when a

21   case becomes moot as a result of "changes outside the litigation" but should not be required in the

22   instant action because it was rendered moot due to events entirely "within the litigation."  Dkt. No.

23   36 at 17.  Indeed, Defendants in this case granted Anderson an irrevocable license for the express

24   purpose of securing dismissal of the action.  *Id*.  For support, Anderson quotes from *NEXUS*

25   *Services v. Moran*, No. 16-35 EKD, 2018 WL 1461750 (W.D. Va. Mar. 23, 2018) *aff'd*, 750 Fed.

26   Appx. 241 (4th Cir. 2019):

27   Case No.: 5:19-cv-05630-EJD

28   ORDER DENYING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND
     COSTS

United States District Court
Northern District of California

> In the factual context of the *Buckhannon* case, it made sense to require "judicially sanctioned" relief. But where—like here and unlike *Buckhannon*—the change to the parties' relationship occurs in the lawsuit itself and finally and forever disposes of all claims raised in that litigation, there is a judicial imprimatur. Put differently, this court interprets *Buckhannon* as meaning that a "judicial imprimatur" results where the result is achieved through the litigation, not outside of it as in *Buckhannon.*
>
> Thus, the court concludes that the defendants here are prevailing parties, despite the fact that the plaintiffs voluntarily dismissed their claims.

*Id.* at *15.  The quoted passage seemingly provides strong support for Anderson's assertion that a formalistic, judicial imprimatur should not be required in this case.  But when the passage is read in context, it does not.  The voluntary dismissal entered in *NEXUS* was entered pursuant to Federal Rule of Civil Procedure 41(a)(1)(B), which is an adjudication on the merits.

Alternatively, Anderson argues that the Court's order denying the motion to dismiss supplies the judicial imprimatur.  Dkt. No. 36 at 18.  An order denying a motion to dismiss does not suffice to create a material alteration of the legal relationship of the parties.  To award attorney's fees to Anderson because the order denying the motion to dismiss precipitated the irrevocable licenses would be improper because it would be akin to an award based on the "catalyst theory" rejected in *Buckhorn.*  The term "prevailing party" "does not authorize federal courts to award fees to a plaintiff who, by simply filing a nonfrivolous . . . lawsuit . . . has reached the 'sought-after destination' without obtaining any judicial relief."  *Buckhannon*, 532 U.S. at 606 (quoting *id.* at 634 (Ginsburg, J., dissenting)).

Third, Anderson argues that recognizing him as the prevailing party in this case would serve an important public policy:  to deter a practice known as "trolling," which refers to "bringing strategic infringement claims of dubious merit in the hope of arranging prompt settlements with defendants who would prefer to pay modest or nuisance settlements rather than be tied up in expensive litigation."  Dkt. No. 36 at 19.  Because *Buckhannon* and *Cadkin* dictate a clear outcome here, this Court need not consider the important public policy consideration raised by Anderson.

**IV.     CONCLUSION**

For the reasons set forth above, Anderson's motion for attorney's fees and costs is

DENIED.

**IT IS SO ORDERED.**

Dated:  August 26, 2020

_____
EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California